AGNES MEVIUS, Respondent, v. TIFFIN PRODUCTS, INC.,
Appellant.   (Appeal No. 2.)

Second Department, November 25, 1921.

New trial — action for personal injuries — newly-discovered
evidence — statement in insurance application by plaintiff after
accident that she had suffered no injury — evidence material
upon subject of extent of injuries — defendant not charged with
negligence for failing to discover evidence — motion for new trial
granted — affidavit on information and belief sufficient where
court erroneously refuses reference to take evidence for purposes of
motion.

A motion for a new trial of an action for personal injuries on the ground of
newly-discovered evidence is properly granted where it appears that the
plaintiff, after the accident, stated in an application for insurance that
she was in good physical condition, had suffered no injury and had not
been confined to the house by illness, since the evidence is material upon
the subject of the extent of the injuries and if credited by the jury would
probably influence the amount of the verdict, and the defendant under
the circumstances cannot be charged with negligence on account of its
failure to discover the evidence.

An affidavit which states the sources of information and the ground of
belief is sufficient upon a motion for a new trial on the ground of newly-
discovered evidence where the court erroneously denied a motion for a
reference to take the evidence for the purpose of presentation upon the
motion.

APPEAL by the defendant, Tiffin Products, Inc., from an
order of the Supreme Court, made at the Kings Special Term
and entered in the office of the clerk of the county of Queens
on the 6th day of October, 1921, denying defendant's motion
for a new trial, on the ground of newly-discovered evidence,
in an action to recover for personal injuries.

*Robert H. Charlton* [*William A. Earl* with him on the brief],
for the appellant.

*George F. Hickey* [*Joseph A. Corbett* with him on the brief],
for the respondent.

PER CURIAM:

One of the substantial issues tried was the extent of the
damages to which the plaintiff was entitled. The defendant

moved for a new trial on the ground of newly-discovered evidence. It appeared that plaintiff, after the accident, made an application to an insurance company for insurance, in which she stated that she was in good physicial condition, and had sustained no injury, and had not been confined to the house by illness; and also had been examined by the Life Extension Institute. This evidence is material upon the subject of the extent of the injuries, and if credited by the jury would probably influence the amount of the verdict if they should find for the plaintiff. The defendant cannot be charged with negligence on account of its failure to discover this evidence under the circumstances. Therefore, all requirements for an order granting a new trial on the ground of newly-discovered evidence are met in this case. It is true that the evidence presented on the motion is hearsay. But it appears that the court denied (erroneously, we think) a motion for a reference to take this evidence for the purpose of presentation upon the motion. For that reason we consider the affidavit which states the sources of the information and the ground of belief sufficient.

The order denying the motion for a new trial on the ground of newly-discovered evidence should be reversed, and the motion granted, upon condition that defendant pay to plaintiff, within ten days after entry of the order, the costs of the action, including the costs of this appeal. If such payment is not made, the motion should be denied, with ten dollars costs.

BLACKMAR, P. J., MILLS, RICH, PUTNAM and KELLY, JJ., concur.

The order denying the motion for a new trial on the ground of newly-discovered evidence is reversed, and the motion granted, upon condition that defendant pay to plaintiff, within ten days after entry of the order, the costs of the action, including the costs of this appeal. If such payment is not made, the motion is denied, with ten dollars costs.